**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **KINSALE INSURANCE COMPANY,** | * | **CIVIL ACTION NO. 3: 23-cv-593** |
| **Plaintiff,** | * | |
| v. | * | **JUDGE** |
| **MKT CONSTRUCTION LLC and KENNETH GUZMAN-CHAVEZ** | * | **MAGISTRATE JUDGE** |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT FOR DECLARATORY RELIEF**

Kinsale Insurance Company ("Kinsale) files suit against MKT Construction LLC ("MKT Construction") and in support alleges:

**NATURE OF THE ACTION**

1. This is an action for declaratory relief under 28 U.S.C. § 2201 to determine whether there is coverage available for injuries to Stephen Schouest, who was allegedly injured by the actions of MKT Construction and/or Kenneth Guzman-Chavez, under a liability insurance policy and an excess liability insurance policy issued by Kinsale to MKT Construction.

**JURISDICTION AND VENUE**

2. Jurisdiction is proper because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a).

3. Venue is proper in this district because the Kinsale policy was issued and delivered to its named insured in this district and also because a substantial part of the events giving rise to the claim occurred in this district. *See* 28 U.S.C. § 1391(b)(2).

4. All conditions precedent have occurred, have been performed, or have been waived.

## THE PARTIES

5. Kinsale is a corporation organized under the laws of the State of Arkansas with its principal place of business in the Commonwealth of Virginia.

6. MKT Construction is a limited liability company organized under the laws of the State of Louisiana with its principal place of business in Prairieville, Louisiana. On information and belief, none of MKT Construction's members are domiciled in either Arkansas or Virginia.

7. Kenneth Guzman-Chavez is citizen of the State of Louisiana.

## THE STATE COURT LAWSUIT

8. In a lawsuit filed by Steven Schouest (the "*Schouest* Lawsuit"), the Petition alleges that Kenneth Guzman-Chavez was working at Gainey's Concrete Products, LLC ("Gainey's") on March 16, 2022. *See* Petition for Damages, ¶ 3, *Stephen Schouest v. ABC Insurance Company, MKT Construction LLC, and Kenneth Guzman-Chavez*, No. 175224 (21st J.D.C. La.) (the "*Schouest* Petition") (attached as Exhibit A).

9. Gainey's constructs sewer treatment plants. *Schouest* Petition, ¶ 3.

10. A Staffing Agreement between MK Simmons Construction, LLC and Gainey's (attached as Exhibit B) identifies MK Simmons Construction, LLC as a Staffing Firm and provides that MK Simmons Construction, LLC would assign its employees to perform work for Gainey's.

11. There is not a Staffing Agreement between MKT Construction and Gainey's.

12. MKT Construction and MK Simmons Construction, LLC have the same domicile address: 37182 Miller Road, Praireville, Louisiana.

13. Doris Isela Corrales is an officer and/or member of both MKT Construction and MK Simmons Construction, LLC.

14. The *Schouest* Petition alleges that Kenneth Guzman-Chavez was an employee of MKT Construction. *See Schouest* Petition, ¶ 3.

15. The *Schouest* Petition alleges that Kenneth Guzman-Chavez unlatched the wall of a sewer treatment plant mold, and then the mold dropped onto and injured Stephen Schouest. *Schouest* Petition, ¶¶ 5-7.

16. Kinsale is not a party to the *Schouest* Lawsuit.

17. Kinsale is paying for defense counsel for MKT Construction and Kenneth Guzman-Chavez in the *Schouest* Lawsuit.

## THE KINSALE POLICIES

18. Kinsale is an approved unauthorized insurer in Louisiana.

19. MKT Construction applied to Kinsale and purchased a Commercial General Liability Policy bearing Policy Number 0100140293-1, originally effective from February 8, 2022, to February 8, 2023 (the "Policy") (attached as Exhibit C, with certain confidential information redacted).

20. The Policy is the best evidence of its own terms, conditions, declarations, definitions, limitations, endorsements and exclusions, and Kinsale pleads the terms, conditions, declarations, definitions, limitations, endorsements and exclusions of the Policy as if set forth here *in extenso*.

21. MKT Construction applied to Kinsale and purchased a Commercial Excess Liability Policy bearing Policy Number 0100181844-0, originally effective from March 7, 2022,

to February 8, 2023 (the "Excess Policy") (attached as Exhibit D, with certain confidential information redacted).

22. The Excess Policy is the best evidence of its own terms, conditions, declarations, definitions, limitations, endorsements and exclusions, and Kinsale pleads the terms, conditions, declarations, definitions, limitations, endorsements and exclusions of the Excess Policy as if set forth here *in extenso*.

23. The Excess Policy provides that if there is no coverage under the Policy for a reason other than the exhaustion of the applicable limits of insurance of the Policy, then there is no coverage under the Excess Policy.

24. MKT Construction seeks coverage under the Policy and the Excess Policy for the damages sought in the *Schouest* Lawsuit.

## COUNT I: CLASSIFICATION LIMITATION EXCLUSION

25. Kinsale incorporates Paragraphs 1 through 24.

26. The Policy includes a Classification Limitation Exclusion, which states: "This insurance applies only to the operations that are described in the DESCRIPTION OF OPERATIONS shown on the Declarations page of this Policy or in an endorsement to this Policy. If any operation(s) are not described, they are not covered."

27. The DESCRIPTION OF OPERATIONS shown on the Declarations page of the Policy is "General Contractor."

28. MKT Construction and Kenneth Guzman-Chavez were not conducting the operations of a General Contractor at the time that Kenneth Guzman-Chavez was working at Gainey's and unlatched the wall of a sewer treatment plant mold that dropped onto and injured Stephen Schouest, as alleged in Paragraph 7 of the *Schouest* Petition.

29. Kenneth Guzman-Chavez was not conducting the operations of a General Contractor at the time that he failed to see what should have been seen, failed to ensure it was safe before unlatching the wall of the sewer treatment plant mold, and/or failed to pay attention to his surroundings, as alleged in Paragraph 7 of the *Schouest* Petition.

30. MKT Construction was not conducting the operations of a General Contractor when it hired, trained, retained, and/or supervised Kenneth Guzman-Chavez to work at Gainey's, as alleged in Paragraph 11 of the *Schouest* Petition.

31. Accordingly, MKT Construction and Kenneth Guzman-Chavez are not entitled to coverage under the Policy or the Excess Policy for the damages sought in the *Schouest* Lawsuit.

## COUNT II: TRAFFIC CONTROL EXCLUSION

32. Kinsale incorporates Paragraphs 1 through 31.

33. The Policy includes a Traffic Control Exclusion which states:

> This insurance does not apply to any claim or "suit" for "bodily injury", "property damage" or "personal and advertising injury" arising directly or indirectly out of, related to, or, in any way involving "traffic control" of any type, including but not limited to any failure to provide "traffic control".
>
> For purposes of this endorsement, "traffic control" means any directions given to pedestrians, cyclists, or operators of motorized vehicles. "Traffic control" includes but is not limited any verbal instruction, signage, markings, cones, flagging, motioning, barriers, and lighting.
>
> This exclusion applies to the design, placement or supervision of any "traffic control", and to the negligent hiring, employment, training, supervision, or retention of any insured, employee, agent or other person with respect to "traffic control", and regardless of whether such "traffic control" is conducted by you, on your behalf, for yourself or for others.

34. The *Schouest* Lawsuit alleges that Kenneth Guzman-Chavez failed to see what should have been seen, failed to ensure it was safe before unlatching the wall of the sewer treatment plant mold, and failed to pay attention to his surroundings. *Schouest* Petition, ¶ 7.

35. The *Schouest* Lawsuit is a lawsuit for a personal injury arising directly or indirectly out of, related to, or, in any way involving directions allegedly given or that should have been given by Kenneth Guzman-Chavez to Steven Schouest while Steven Schouest was walking and/or going on foot.

36. The *Schouest* Lawsuit is a "suit" for "bodily injury" arising directly or indirectly out of, related to, or, in any way involving "traffic control" of any type, and accordingly, MKT Construction and Kenneth Guzman-Chavez are not entitled to coverage under the Policy or the Excess Policy for the damages sought in the *Schouest* Lawsuit.

## COUNT III: PROFESSIONAL LIABILITY EXCLUSION

37. Kinsale incorporates Paragraphs 1 through 36.

38. The Policy includes a Professional Liability Exclusion, which states:

> This insurance does not apply to professional liability, malpractice, errors, or omissions or acts of any type including rendering or failure to render any type of professional service nor to any expenses or any obligation to share damages with or repay anyone else who must pay damages from same, unless such professional liability coverage is specifically endorsed onto this Policy.

39. The *Schouest* Lawsuit alleges that Kenneth Guzman-Chavez failed to see what should have been seen, failed to ensure it was safe before unlatching the wall of the sewer treatment plant mold, and failed to pay attention to his surroundings. *Schouest* Petition, ¶ 7.

40. The *Schouest* Lawsuit alleges that MKT Construction hired, trained, retained, and supervised Kenneth Guzman-Chavez to work at Gainey's. *Schouest* Petition, ¶ 11.

41. To the extent that the *Schouest* Lawsuit asserts errors or omissions from rendering or failing to render professional services MKT Construction and Kenneth Guzman-Chavez are not entitled to coverage under the Policy or the Excess Policy for the damages sought in the *Schouest* Lawsuit.

## COUNT IV: LATE NOTICE

42. Kinsale incorporates Paragraphs 1 through 41.

43. Section IV of the Policy (Commercial General Liability Conditions) contains a subsection 2 (Duties in the Event of Occurrence, Offense, Claim Or Suit) which includes the following:

> If a claim is made or "suit" is brought against any insured, you must:
>
> **(1)** Immediately record the specifics of the claim or "suit" and the date received; and
>
> **(2)** Notify us as soon as practicable.
>
> You must see to it that we receive written notice of the claim or "suit" as soon as practicable

44. The *Schouest* Lawsuit was filed on August 26, 2022. Subsequently, MKT Construction's registered agent was served with a copy of the *Schouest* Petition and was served with a subpoena to appear for a deposition, which occurred on December 13, 2022.

45. MKT Construction did not notify Kinsale of the *Schouest* Lawsuit or the deposition until after the deposition took place.

46. Kinsale was materially prejudiced in its defense of the *Schouest* Lawsuit due to MKT Construction's failure to timely notify Kinsale of the *Schouest* Lawsuit.

47. MKT Construction and Kenneth Guzman-Chavez are not entitled to coverage under the Policy or the Excess Policy for the damages sought in the *Schouest* Lawsuit because of the failure to notify Kinsale as soon as practicable.

### COUNT V: WHO IS AN INSURED

48. Kinsale incorporates Paragraphs 1 through 47.

49. The Policy does not provide coverage for sums that an entity or a person becomes legally obligated to pay as damages because of "bodily injury" or "property damage" if the entity or person is not an insured.

50. The Policy provides that an employee of MKT Construction is an insured "but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business."

51. The Policy provides: "No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations."

52. The only Named Insured shown in the Declarations of the Policy is MKT Construction LLC.

53. MK Simmons Construction, LLC is not a Named Insured shown in the Declarations of the Policy.

54. To the extent that Kenneth Guzman-Chavez was not an employee of MKT Construction at the time that he was working at Gainey's, MKT Construction and its employee Kenneth Guzman-Chavez are not entitled to coverage under the Policy or the Excess Policy for the damages sought in the *Schouest* Lawsuit.

55. To the extent that Kenneth Guzman-Chavez was an employee of MKT Construction at the time that he was working at Gainey's but was not acting within the scope of his employment by MKT Construction and/or was not performing duties related to the conduct of MKT Construction's business, MKT Construction and its employee Kenneth Guzman-Chavez are not entitled to coverage under the Policy or the Excess Policy for the damages sought in the *Schouest* Lawsuit.

## COUNT VI: DUTY TO DEFEND EXCLUSION

56. Kinsale incorporates Paragraphs 1 through 55.

57. The Policy states: "Where there is no coverage under this Policy, there is no duty to defend."

58. Because there is no coverage under the Policy for the damages sought in the *Schouest* Lawsuit, Kinsale has no duty to defend MKT Construction or Kenneth Guzman-Chavez in the *Schouest* Lawsuit.

## RELIEF REQUESTED

Kinsale respectfully requests that after due proceedings are had, a declaratory judgment be entered in Kinsale's favor, finding that the Policy and the Excess Policy do not cover any losses that MKT Construction or Kenneth Guzman-Chavez may incur as a result of the above described facts, that Kinsale does not owe a defense to MKT Construction or Kenneth Guzman-Chavez in the *Schouest* Lawsuit, and that Kinsale be awarded all costs of these proceedings, and all other such relief as this Court may deem equitable, just, and proper.

Respectfully submitted,

**ADAMS AND REESE LLP**

 */s/ Luke G. LaHaye*
Jeffrey E. Richardson (La. #23273)
jeff.richardson@arlaw.com
Luke G. LaHaye (La. #38809)
luke.lahaye@arlaw.com
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
*Counsel for Kinsale Insurance Company*